### Emil A. Oettinger, Defendant in Error, v. J. Levit, Plaintiff in Error.

#### Gen. No. 19,118. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 23, 1914.

#### Statement of the Case.

Motion by J. Levit to vacate a judgment by confession entered against him in favor of Emil A. Oettinger. The judgment was for one hundred and thirty-five dollars for commissions for procuring a loan, and twenty-five dollars attorney's fees. To reverse an order denying the motion, Levit brings error.

Alexander Wolf and Edward A. Hochbaum, for plaintiff in error; Ode L. Rankin, of counsel.

Frank L. DeLay, for defendant in error.

Mr. Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 56*—*when affidavits to vacate judgment by con-fession show prima facie defense.* Affidavits on motion to vacate a judgment by confession under a warrant of attorney contained in an application to a real estate broker for a loan, *held* to show *prima facie* sufficient cause for opening the judgment where they contained averments that the broker had no license, that the defendant's signature to the warrant of attorney was obtained by fraudulent representations, and that the loan applied for was never made nor a tender thereof made to the defendant in proper time.

2. JUDGMENT, § 66*—*ground for vacating judgment by confession.* Where it appears by affidavit that a note, upon which a judgment by confession was entered, was executed in the belief that some other document, not a judgment note, was actually being signed, leave to plead should be allowed upon due application.

3. JUDGMENT, § 78*—*when duty of court to grant motion to open judgment by confession.* On motion to set aside a judgment by confession where the affidavits in support of the motion show *prima facie* a good defense, it is the duty of the court to permit an issue to be formed and the debtor to present his defense, leaving the judgment to stand in the meantime as security.

4. JUDGMENT, § 81*—*when improper to consider counter-evidence on motion to open a judgment by confession.* On motion to open a judgment entered by confession, it is improper for the court to consider, over objection, counter-affidavits controverting the defense to the judgment on the merits. The rule applies where the motion is supported by evidence heard in open court instead of by affidavit.

5. JUDGMENT, § 88*—*effect of order denying motion to vacate judgment by confession after hearing on merits.* On motion made in the Municipal Court in a fourth class case to vacate a judgment by confession, counter-evidence to the case made by the defendant was heard by the court without objection and the hearing was treated by both parties as if a formal order had been entered opening up the judgment and a full hearing on the merits was actually had. *Held* that the fact that the trial court failed to enter an order opening the judgment and at the conclusion of the hearing denied the motion to vacate the judgment did not warrant a reversal of the order denying the motion and a remanding of the cause for a trial on the merits, and the order was affirmed.

6. BROKERS, § 2*—*when license issued to broker in his trade name sufficient.* A license issued to a real estate broker in a trade name under which the broker did business, *held* not to defeat his right to commissions, it appearing that he paid for the license, that

*See **Illinois Notes Digest**, Vols. **XI** to **XV** and **Cumulative Quarterly**, same topic and section number.

no one but himself did business under it, and that issuance in his individual name was thereafter refused.

7. BROKERS, § 52*—*when principal liable for commissions for procuring loan.* A party employing real estate agents to procure a loan is liable for commissions where he refuses to take the loan and to sign the necessary papers therefor after the agent has made arrangements with third parties for the loan.